UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                  File No. 2:09-CR-12

JUSTIN THOMAS SKIPPER,         HON. ROBERT HOLMES BELL

    Defendant.
                                      /

## **O P I N I O N**

This matter comes before the Court on the government's motions in limine regarding statements made by the victim. (Dkt. Nos. 32, 38.) Through these motions the government seeks a ruling on the admissibility of statements made by the victim to friends, a co-worker, a doctor and a nurse.

The Court will first address the government's motion regarding statements the victim made to Belinda Brewster, M.D., a medical doctor who performed a medical forensic examination of the victim on March 14, 2009, and to Lisa Davidson, R.N., a nurse who assisted Dr. Brewster with the medical forensic examination. The government contends that these statements are admissible pursuant to Rule 803(4) of the Federal Rules of Evidence, which excepts statements made for the purposes of medical diagnosis or treatment from the hearsay rule.

Defendant has conceded that the victim's statements made to Dr. Brewster and Ms. Davidson for purposes of diagnosis and treatment are admissible. (Dkt. No. 55, Def.'s Resp. 4.) However, Defendant contends that the victim's identification of her abuser does not fall within the scope of Rule 803(4).

The Court agrees. "In general, a patient's statement describing how an injury occurred is pertinent to a physician's diagnosis and treatment, but a statement identifying the person who caused the injury 'would seldom, if ever, be sufficiently related.'" *United States v. Gabe*, 237 F.3d 954, 958 (8th Cir. 2001) (quoting *United States v. Iron Shell*, 633 F.2d 77, 84 (8th Cir.1980)).

The government also seeks a ruling on the admissibility of the victim's statements to four other individuals under the excited utterance exception of Rule 803(2). Rule 803(2) permits the Court to admit out-of-court statements for the truth of the matter asserted when they "relat[e] to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed. R. Evid. 803(2). To satisfy the Rule 803(2) exception, a party must show three things: (1) "an event startling enough to cause nervous excitement;" (2) "the statement must be made before there is time to contrive or misrepresent;" and (3) "the statement must be made while the person is under the stress of the excitement caused by the event." *United States v. Arnold*, 486 F.3d 177, 184 (6th Cir. 2007) (quoting *Haggins v. Warden, Fort Pillow State Farm*, 715 F.2d 1050, 1057 (6th Cir. 1983). "All three inquiries bear on 'the ultimate question': '[W]hether the statement was the

result of reflective thought or whether it was a spontaneous reaction to the exciting event.'" *Id.* (quoting *Haggins*, 715 F.2d at 1058). The party seeking admission of the statement has the burden of demonstrating that the excited utterance exception is applicable. *Id.* at 184, 186.

In determining whether the statement was made while the declarant was under the stress of excitement from the event, courts have considered various factors including the lapse of time, the age and maturity of the declarant, the characteristics of the event, the declarant's physical and mental condition, the subject matter of the statements, and whether the statement was made in response to an inquiry. *See, e.g., Arnold*, 486 F.3d at 185; *United States v. Ledford*, 443 F.3d 702, 711 (10th Cir. 2005); *United States v. Alexander*, 331 F.3d 116, 123 (D.C. Cir. 2003).

The record is not sufficiently developed to enable the Court to determine whether the victim's statements to Laura Rae Parrish were "the result of reflective thought" or whether they were "a spontaneous reaction to the exciting event." *Arnold*, 486 F.3d at 184.

However, the Court finds that the victim's telephone calls to Christine Lounds, Kendal Perron, and Kalvin Perron do not fall within the scope of Rule 803(2). By the time the victim placed these calls she was no longer in danger, she had already discussed the events with Parrish, she had left Parrish's house, and she had selected which individuals she would call and talk to. This sequence of events suggests that the victim had time for reflective thought and that her telephone calls were not a spontaneous reaction to what had occurred.

3

Accordingly, the Court concludes that the victim's statements to Christine Lounds, Kendal Perron, and Kalvin Perron are not admissible as excited utterances.

For the reasons stated, the government's motions in limine will be granted in part and denied in part.

An order consistent with this opinion will be entered.


Dated: <u>October 30, 2009</u>　　　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE